UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MONIKA MCCOMB, ) Case No.:
)
Plaintiff, )
v. )
)
GINNY'S, INC., ) JURY TRIAL DEMANDED
)
Defendant. )
)

# COMPLAINT

MONIKA MCCOMB ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GINNY'S, INC. ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Illinois, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Chicago, Illinois 60614.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 1112 7th Avenue, Monroe, Wisconsin 53566.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for at least one year.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or about January 2017 and continuing through in or around April 2017, Defendant placed repeated, continuous telephone calls to Plaintiff's cellular telephone number.

13. Defendant contacted Plaintiff on a repeated and continuous basis, often multiple times per week.

14. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

15. Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because she would regularly be greeted with a pre-recorded voice before speaking to Defendant's representatives.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's agents to advise them that she no longer wanted to be contacted on her cellular telephone and to stop calling her shortly after calls commenced in or around January 2017.

18. This was client's way of revoking any consent that Defendant may have had to contact Plaintiff on her cellular telephone number.

19. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

20. However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone despite Plaintiff's further instruction to stop calling her during each subsequent call.

21. Defendant continued to call Plaintiff on her cellular telephone.

22. These additional calls were aggravating, vexatious and humiliating for Plaintiff.

23. After Defendant ignored Plaintiff's multiple requests and continued to call her repeatedly and continuously without her consent, she turned to downloading a blocking application to her cellular telephone to ultimately stop Defendant's harassing calls.

24. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

27. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

28. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

PLAINTIFF'S COMPLAINT

29. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

30. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

31. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

32. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

33. Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MONIKA MCCOMB, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

   b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

   c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

   d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

   e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MONIKA MCCOMB, demands a

PLAINTIFF'S COMPLAINT

jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: January 11, 2019

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT